HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SCHUYLER P. BARBEAU,<br><br>    Defendant. | CASE NO. CR15-391RAJ<br><br>ORDER |

## I. INTRODUCTION

THIS MATTER comes before the Court on Defendant Schuyler Barbeau's various pretrial motions. *See* Dkt. # 24-26. Defendant's three motions regard: (1) a justification defense (Dkt. # 24), (2) the Second Amendment and the Commerce Clause (Dkt. # 25), and (3) mistake of law defense (Dkt. # 26). Defendant requests an evidentiary hearing on his first two motions, but the Court finds that an evidentiary hearing is not necessary. For the following reasons, the Court **DENIES** Defendant's Motions.

## II. BACKGROUND

The facts of this case are largely undisputed for purposes of these Motions. Defendant is charged with one count of Possession of an Unregistered Firearm in violation of 26 U.S.C. §§ 5861(d), 5845(a)(3) & (6) and one count of Possession of a Machine Gun in violation of 18 U.S.C. §§ 922(o) & 924(a)(2). *See* Dkt. # 27.

The Federal Bureau of Investigation ("FBI") received information from a confidential source regarding potential threats to law enforcement made by the

ORDER – 1

Defendant. That source advised that Defendant frequently traveled with a short-barreled AR-15 rifle (the "SBR"), body armor, and a helmet in his vehicle. During the course of the investigation, Defendant also made threats to kill law enforcement officers.

Defendant later asked the confidential source to find a buyer for his SBR so that he could purchase another rifle capable of firing 7.62 millimeter rounds. Defendant informed the confidential source that he was willing to sell the SBR along with other accessories for $5,000. After further communications regarding a buyer for the SBR, Defendant dropped off the SBR with the confidential source and asked the source to obtain the money as soon as possible. The FBI took possession of the SBR soon after.

During the investigation, the confidential source also informed the FBI that Defendant had discussed manufacturing a "drop-in auto-sear" for the SBR, which would convert a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger. A firearms specialist later confirmed that the firearm was a short barreled rifle and a machine gun.[1] The specialist further confirmed that the firearm contained the auto-sear device, which allowed the firearm to fire fully automatically, and that the firearm could do so even without the auto-sear.

Defendant was arrested and was armed with a pistol at the time of his arrest.

### III.  ANALYSIS

a.  Defendant's Motion for a Justification Instruction

Defendant's first motion requests that the Court to find that he is entitled to present a justification defense at trial. *See* Dkt. # 24. Specifically, Defendant argues that he needed "[a] fully automatic, short barreled rifle" in order "to meet the threats that he, and most citizens, face in this country." *See id.* at 2. These threats, Defendant contends, "come from criminals, terrorists, foreign forces, and sometimes domestic authorities." *Id.* at 2-3.

---

[1] It is undisputed that Defendant knowingly possessed the SBR and that he was aware of its basic characteristics – i.e., that it was a short barreled rifle and that it was fully automatic. Dkt. # 24 at 2.

ORDER – 2

"A criminal defendant is entitled to jury instructions related to a defense theory so long as there is 'any foundation in the evidence.'" *United States v. Doe*, 705 F.3d 1134, 1144 (9th Cir. 2013) (quoting *United States v. Burt*, 410 F.3d 1100, 1103 (9th Cir. 2005)). A defendant may be entitled to a proposed instruction even if his evidence supporting his theory is "weak, insufficient, inconsistent, or of doubtful credibility," but "a mere scintilla of evidence supporting the defendant's theory is not sufficient to warrant a defense instruction." *United States v. Thomas*, 612 F.3d 1107, 1121 (9th Cir. 2010) (quoting *United States v. Kayser*, 488 F.3d 1070, 1073 (9th Cir. 2007)) (internal quotation marks omitted).

To be entitled to a justification instruction, the defendant bears the burden of showing: "(1) he was under unlawful and present threat of death or serious bodily injury; (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) he had no reasonable legal alternative; and (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm." *United States v. Wofford*, 122 F.3d 787, 790 (9th Cir. 1997) (quoting *United States v. Lemon*, 824 F.2d 763, 764 (9th Cir. 1987)); *United States v. Beasley*, 346 F.3d 930, 934-35 (9th Cir. 2003) (holding that defendant bears the burden of proving the defense of justification). The defense of justification is "unavailable for one whose fears rise from involvement in illegal activities." *United States v. Phillips*, 149 F.3d 1026, 1030 (9th Cir. 1998) (citing *United States v. Perez*, 86 F.3d 735, 737 (7th Cir. 1996)). Moreover, the defense is ordinarily only available in "extraordinary circumstances." *See United States v. Deleveaux*, 205 F.3d 1292, 1297 (11th Cir. 2000) (collecting cases and noting consensus that the defense was available only in exceptional circumstances).

Defendant has not satisfied this showing. To begin, Defendant clearly has not shown that he was under any present threat of death or serious bodily injury. As for his claimed threats from criminals or terrorists, those are simply generalized threats faced by all citizens. Moreover, those threats certainly are not "present" threats for the purposes of

ORDER – 3

possessing an illegal firearm. *See Wofford*, 122 F.3d at 790 (holding that threats were not immediate where "[t]he last specific threat against [defendant] was at least five months old"); *Perez*, 86 F.3d at 737 (suggesting that "[t]he defense of necessity will rarely lie in a felon-in-possession case unless the ex-felon, not being engaged in criminal activity, does nothing more than grab a gun with which he or another is being threatened"); *United States v. Sahakian*, 965 F.2d 740, 741 (9th Cir. 1992) (holding that assault occurring 36 days before firearm possession in question was not "present" threat); *see also United States v. Parker*, 566 F.2d 1304, 1305-06 (5th Cir. 1978) (holding that justification defense was not available where the defendant illegally possessed firearm for 30 minutes after he was attacked in his home). And with respect a purported robbery at the Aenk ranch, even Defendant admits that the incident occurred well before he arrived at the property, rendering any such threat remote and non-specific. *See* Dkt. # 24 (Barbeau Decl.) at 5.

In fact, Defendant's own actions undermine his claim that these threats were "present." Defendant possessed the firearm for over a year prior to the robbery, showing that his possession was not in response to an immediate threat. Indeed, Defendant later sold the SBR, showing that he did not, in fact, "need" the firearm because of an unlawful and present threat.

Finally, Defendant insists that he needed the SBR to protect himself from "domestic authorities" (*see* Dkt. # 24 at 3) or "law enforcement and government" (*see* Dkt. # 24-1 (Barbeau Decl.) at 5). It is hardly worth mentioning that if Defendant truly had a dispute with the Government, he clearly had a reasonable legal alternative to possessing the firearm – filing suit or petitioning his representatives. Furthermore, it is hard to fathom how some vague threat from "law enforcement and government" constitutes an "unlawful" threat.

Defendant's Motion is **DENIED**. Dkt. # 24. Defendant is not entitled to an instruction on a defense of justification.

ORDER – 4

b.  Defendant's Motion to Dismiss

Defendant next argues that the charges in the Superseding Indictment violate the Second Amendment and the Commerce Clause. *See* Dkt. # 25.  He claims that as a result of the Supreme Court's decision in *Dist. of Columbia v. Heller* ("*Heller I*"), 554 U.S. 570 (2008), he is entitled to possess an unregistered short barreled rifle and machine gun.

To begin, even Defendant acknowledges that Ninth Circuit authority forecloses his entitlement to possession of a homemade machine gun. *See* Dkt. # 25 at 5; Dkt. # 33 at 3. In *United States v. Henry*, the Ninth Circuit held that the Second Amendment does not protect the possession of homemade machine guns and that Congress could properly regulate such weapons under the Commerce Clause.  688 F.3d 637, 638 (9th Cir. 2012); *see also United States v. Fincher*, 538 F.3d 868, 874 (8th Cir. 2008); *United States v. One Palmetto State Armory PA-15 Machinegun Receiver/Frame, Unknown Caliber, Serial No. LW001804,* 115 F. Supp. 3d 544, 569 (E.D. Pa. 2015).  As such, his arguments on these grounds are without merit.

Next, Defendant argues that the Second Amendment protects his right to possess a short-barreled rifle. *See* Dkt. # 25 at 2.  The Court disagrees.  Although *Heller I* does hold that that the Second Amendment confers "an individual right to keep and bear arms," it also cautions that "the right [is] not unlimited."  554 U.S. at 595.  Other courts in the wake of *Heller I* have already held that restrictions upon the possession of short-barreled rifles are permissible. *See e.g., United States v. Gilbert*, 286 F. App'x 383, 386 (9th Cir. 2008) ("Under *Heller*, individuals still do not have the right to possess machineguns or short-barreled rifles"); United States v. Gonzales, No. 2:10-CR-00967 CW, 2011 WL 5288727, at *1 (D. Utah Nov. 2, 2011) (holding that "Defendant's .22 caliber short-barreled rifle is not a weapon protected by the Second Amendment").

The reasoning behind this is simple. *Heller I* dealt with a complete restriction on the possession of handguns, not a registration requirement for short-barreled rifles. *See* 554 U.S. at 574.  And, as *Heller* made clear, the weapons protected under the Second

ORDER – 5

Amendment are limited to "those 'in common use at the time.'" *Id.* at 627 (quoting *United States v. Miller*, 307 U.S. 174, 179 (1939)).  In other words, the Second Amendment has not been construed to protect "the carrying of 'dangerous and unusual weapons.'" *Id.*  Indeed, the Court in *Heller I* affirmed that "Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns." *Id.* at 625.

The firearm at issue here is such an unprotected weapon.  As noted, above, other courts have found that restrictions on short-barreled weapons are permissible, particularly given that "Congress specifically found that 'short-barreled rifles are primarily weapons of war and have no appropriate sporting use or use for personal protection.'" *Gonzalez*, 2011 WL 5288727 at *5 (quoting S. Rep. No. 90-1501, at 28 (1968)).[2]

Defendant's possession of a short-barreled rifle was not protected by the Second Amendment.  His Motion is **DENIED**.  Dkt. # 25.

---

[2] Defendant also argues that the Court should subject the restriction to strict scrutiny.  In support, he cites a recent decision from the Fourth Circuit, *Kolbe v. Hogan*, No. 14-1945, 2016 WL 425829 (4th Cir. Feb. 4, 2016).  *See* Dkt. # 33 at 2.  While *Kolbe* applied strict scrutiny (*see* 2016 WL 425829 at *10), it did so only for a virtual ban on the possession of "the vast majority of semi-automatic rifles commonly kept by several million American citizens" (2016 WL 425829 at *1).

In contrast, two other circuits have addressed restrictions more similar to that here.  The Ninth Circuit applied intermediate scrutiny in assessing an ordinance restricting the possession of large capacity magazines.  *See Fyock v. Sunnyvale*, 779 F.3d 991, 994, 996 (9th Cir. 2015).  The D.C. Circuit similarly applied intermediate scrutiny to regulations "requiring the registration of firearms and prohibiting both the registration of 'assault weapons' and the possession of magazines with a capacity of more than ten rounds of ammunition." *Heller v. District of Columbia* ("*Heller II*"), 670 F.3d 1244, 1247, 1256, 1261-62 (D.C. Cir. 2011).

The Court declines to apply strict scrutiny here and the regulation at issue in 26 U.S.C. § 5861(d) easily survives intermediate scrutiny.  *See Gonzalez*, 2011 WL 5288727 at *6-7.  The Government's interest in public safety and the like (*see* Dkt. # 31 at 9) is certainly a significant objective (*see Jackson v. City & Cty. of San Francisco*, 746 F.3d 953, 965 (9th Cir. 2014) (citing cases)).  And there is clearly a reasonable fit between the registration requirement and this objective by making the Government aware of who owns such firearms and regulating the availability of such dangerous firearms.  *See Gonzalez*, 2011 WL 5288727 at *7.  Additionally, the burden on those wishing to acquire a short-barreled rifle for lawful purposes is minimal.  *See Heller II*, 670 F.3d at 324-25 (holding that "basic registration requirements are self-evidently de minimis").

ORDER – 6

     c.  <u>Defendant's Motion for a Mistake of Law Instruction</u>

Finally, Defendant requests that the Court give an instruction requiring the Government to prove that Defendant knew that it was illegal for him to possess a machine gun and a short-barreled rifle without registration. *See* Dkt. # 26. Defendant acknowledges that his contention is squarely foreclosed by Ninth Circuit precedent. *See* Dkt. # 33 at 4. Specifically, the Ninth Circuit held in *United States v. Summer*, 268 F.3d 683, 688 (9th Cir. 2001) that the Government needed only to prove that the defendant was aware of the specific characteristics of the firearm that made its possession illegal. *See also United States v. Montoya-Gaxiola*, 796 F.3d 1118, 1122 (9th Cir. 2015) ("in order to convict under § 5861(d) for possession of a sawed-off shotgun with a short barrel, the Government must prove that the defendant knew the specific characteristics that made it a firearm within the Act"); *United States v. Gergen*, 172 F.3d 719, 724 (9th Cir. 1999).

Defendant's Motion is **DENIED**. Dkt. # 26.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motions. Dkt. # 24-26.

DATED this 16th day of March, 2016.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 7